DECISION AND JUDGMENT ENTRY
{¶ 1} This matter comes before the court on appeal from the Ottawa County Court of Common Pleas wherein appellant, John W. Zimmerman, was convicted of burglary, a violation of R.C.2911.12(A)(2) and a felony of the second degree. Because we find no error in appellant's sentence, we affirm.
 {¶ 2} The facts giving rise to this appeal are as follows. In the early afternoon hours of October 13, 2004, an Oak Harbor, Ohio homeowner pulled into her driveway and noticed that her garage door was opened. At that moment, a maroon van, unknown to the homeowner, backed out of her driveway at a high rate of speed. The homeowner followed the van down the street. She watched as the occupants of the van began throwing property out of the window. The homeowner continued following the van as it turned onto another street. After driving for a few feet the van stopped and the two occupants got out of the van and started walking towards the homeowner's car. The homeowner reported that one of the men, later identified as appellant, had his hand in his pocket as if he had a gun. Before reaching the homeowner's car, the two men abruptly turned back and got into the van. They once again began driving and the homeowner continued to follow them for awhile before she turned around, went home and called the sheriff's department to report the burglary.
 {¶ 3} As a result of this incident, appellant was indicted on two counts of burglary and two counts of tampering with evidence. On February 7, 2005, appellant entered a guilty plea to one count of burglary. He was sentenced to serve the maximum term in prison of eight years. Appellant now appeals setting forth the following assignments of error:
 {¶ 4} "I. The trial court erred and abused its discretion in finding that the appellant committed the worst form of the offense.
 {¶ 5} "II. The trial court erred and violated appellant's due process rights in considering appellant's alleged involvement in a murder and gang affiliation where there were no convictions related to these activities.
 {¶ 6} "III. The trial court erred in failing to consider the mental health issues of the appellant in mitigation."
 {¶ 7} An offender who receives the maximum possible prison term for only one offense has a statutory right to appeal the sentence. R.C. 2953.08(A)(1)(a). On review, an appellate court cannot reverse a felony sentence unless it finds, by clear and convincing evidence, that the record does not support the sentencing court's findings or that the sentence is otherwise contrary to law. R.C. 2953.08(G)(2)(a) and (b).
 {¶ 8} In determining the appropriate sentence to impose, a sentencing judge must be mindful of the overriding purposes of felony sentencing: "to protect the public from future crime by the offender and others and to punish the offender." R.C.2929.11(A). Pursuant to R.C. 2929.12(A), a court imposing a sentence for a felony "has discretion to determine the most effective way to comply with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code." This discretion is guided by the factors in R.C. 2929.12(B) and (C), regarding the seriousness of the offender's conduct.
 {¶ 9} Regarding maximum sentences, a trial court must make certain findings pursuant to R.C. 2929.14(C). Specifically, "the record must reflect that the trial court imposed the maximum sentence based on the offender satisfying one of the listed criteria in R.C. 2929.14(C)." State v. Edmonson (1999),86 Ohio St.3d 324, 329. Those criteria are (1) that the offender committed the worst form of the offense, (2) that the offender poses the greatest likelihood of committing future crimes, (3) that the offender is a major drug offender, and (4) that the offender is a repeat violent offender. R.C. 2929.14(C). It is well settled that the trial court is in the best position to make the fact-intensive evaluations required by the sentencing statutes as the trial court has the best opportunity to examine the demeanor of the defendant and evaluate the impact of the crime on the victim and society. State v. Martin (1999),136 Ohio App.3d 355, 361.
 {¶ 10} In his first assignment of error, appellant contends that the court erred in finding that he committed the worst form of the offense of burglary. The relevant factor under R.C.2929.12(B), which the court used to determine whether appellant's conduct was more serious than conduct normally constituting the offense of burglary was as follows: "(2) [T]he victim of the offense suffered serious physical, psychological, or economic harm as a result of the offense." Appellant contends that the record in this case does not support such a finding.
 {¶ 11} We agree with appellant that nothing in the record supports the finding that the victim suffered serious physical, psychological or economic harm. The victim did not testify and the state offered no evidence to support a finding of physical, psychological or economic harm. It appears that the trial judge merely assumed that the victim suffered harm based on the circumstances of the offense. Had this been the only finding in support of appellant's maximum sentence, this court would be forced to reverse appellant's sentence.
 {¶ 12} A defendant who falls in any of the R.C. 2929.14(C) categories, however, may receive a maximum sentence. Griffin 
Katz, Ohio Felony Sentencing Law (2004), 707, Section 8:6. The judge in this case clearly cited another reason, pursuant to R.C.2929.14(C), for imposing the maximum sentence. Specifically, the judge stated the: "the defendant possesses the greatest likelihood of committing future offenses." The judge cited appellant's juvenile adjudications for petty theft, public indecency, grand theft, receiving stolen property, possession of criminal tools, obstructing official business, disorderly conduct, assault, burglary, aggravated vehicular assault and driving under the influence of alcohol. As an adult, appellant's record of convictions included one for burglary wherein he served a three year prison term. He also served prison terms for three separate parole violations. At the time of his sentencing, appellant was 25 years old. He had spent most of his adulthood in prison.
 {¶ 13} The judge stated his reasons in support of finding that appellant posed the greatest likelihood of committing future crimes. First, he noted that appellant's lengthy criminal record dates back to when appellant was 12 years old. Second, the judge noted that in the past, appellant seemed to commit another crime as soon as he was released from incarceration. Based upon our thorough review of appellant's sentencing hearing and appellant's judgment entry of sentencing, we conclude that the court did not err in imposing the maximum sentence. Appellant's first assignment of error is found not well-taken.
 {¶ 14} In his second assignment of error, appellant contends that the court erred in considering appellant's alleged involvement in a crime for which he was never charged. At his sentencing hearing, the judge noted, in the midst of detailing appellant's prior record, that appellant had been involved in a murder for which he was never charged. The judge also stated as follows: "[T]hree police records from Lucas County indicate [appellant] affiliated with at least two gangs, although he denies gang affiliation * * *."
 {¶ 15} Appellant cites State v. Longo (1982),4 Ohio App.3d 136, in support for the proposition that a trial court may not consider a crime neither charged nor proven when it is sentencing an offender. In Longo, the defendant was originally charged with aggravated robbery, possession of criminal tools and carrying a concealed weapon. In exchange for Longo's no contest plea to the concealed weapon charge, the other two charges were dismissed. At the sentencing hearing, the trial judge stated that he believed Longo had been involved in an auto theft ring, and said that he called the owners of a truck alleged to have been involved in the dismissed offenses and concluded that Longo was guilty of auto theft. The Eighth District Court of Appeals, in reversing the defendant's sentence, held:
 {¶ 16} "Even though the judge conducted his extramural investigation during the sentencing phase (when admittedly a court has more discretionary leeway), he exceeded his authority in telephoning the wife of the vehicle owner at all, and, particularly, in determining what the `husband saw' through the wife's eyes. From this, he drew conclusions obviously crucial to the sentencing decision. In this case, the exact perimeters of sentencing discretion need not be determined. For here the actions of the court went beyond any defensible limit and, in effect, sentenced the defendant for acts neither charged nor proven. An abuse of discretion is clear." Id. at 141.
 {¶ 17} We find the facts of Longo distinguishable from the instant case. Most notably, the trial judge in this case did not overreach his authority when sentencing appellant. While it may have been preferable for the trial judge in this case to refrain from referencing an uncharged murder and appellant's alleged gang affiliation, it is clear from the record that those things were not the sole factors considered when the judge sentenced appellant. Specifically, the judge emphasized appellant's lengthy record of convictions and his failure to comply with the rules of post release control when he was released from incarceration. In light of the foregoing, we conclude that the judge's references to uncharged offenses amounted to harmless error. Appellant's second assignment of error is found not well-taken.
 {¶ 18} In his third assignment of error, appellant contends that the trial court failed to consider appellant's mental health issues when sentencing him. Appellant cites to the fact that his mental health issues are not mentioned in the judgment entry. A review of the sentencing hearing transcript, however, shows that the trial court did consider appellant's mental health issues. Before imposing sentence, the trial judge stated that "[appellant] has a long history of emotional and mental health problems." The trial judge then quoted from a mental health report compiled by the Court Diagnostic Treatment Center.
 {¶ 19} "Mr. Zimmerman displays a pattern of personality traits that are characterological in nature. They do not wax and wane. When personality traits are maladaptive and inflexible they can cause impairment in psychosocial functioning which appears to be the case with Mr. Zimmerman. These maladaptive traits include disregardance [sic] to societal norms, impulsivity, aggressiveness and lack of remorse or guilt for his behavior; for example, Mr. Zimmerman vocalized no remorse for any of his crimes. Traditional psychotherapy does not tend to be effective. His capacity to benefit would be limited and likely frustrating to both he and the treatment provider. To date, he has not appeared to benefit from any psychotherapies received and he has ignored court orders to participate in groups such as anger control and substance abuse. This evaluator using accepted standard gives the defendant an 80 percent chance of violently reoffending within the next 10 years. Defendant's been twice admitted to St. Charles Hospital after attempting suicide. Indicates he was depressed, diagnosed at some point with bipolar disorder, hospitalized. The diagnosis at this time indicated depression with a bipolar disorder and cannabis addiction."
 {¶ 20} Based on our review of the record, we conclude that the trial judge in this case adequately considered appellant's mental health concerns when sentencing him. Accordingly, appellant's third assignment of error is found not well-taken.
 {¶ 21} On consideration whereof, the judgment of the Ottawa County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Ottawa County.
Judgment affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Pietrykowski, J., Singer, P.J., Skow, J., concur.